UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QUEONTAY DL CHAPMAN,

       Plaintiff,

v.                Case No. 25-cv-2062-pp

MILWAUKEE COUNTY JAIL MEDICAL STAFF, *et al.*,

       Defendants.

---

**ORDER DENYING PLAINITFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

  Plaintiff Queontay DL Chapman, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed this lawsuit. See 28 U.S.C. §1915(h). Under the PLRA, an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Commonly known as the "three-strikes" provision, an incarcerated individual is said to have "struck out" once he or she has accrued three strikes under this section.

  Court records show that the plaintiff has accumulated five strikes: (1) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1611-BHL (E.D. Wis.)

1

(dismissed as frivolous on December 12, 2025); (2) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1612-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025); (3) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1668-BHL (dismissing as frivolous on December 12, 2025); (4) Chapman v. Dantzler, Case No. 25-cv-1588-BHL (dismissed for failure to state a claim and as frivolous on December 12, 2025); and (5) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1760-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025).

Further, although the allegations in the instant complaint are difficult to understand, it appears that the plaintiff alleges: the floors and beds in the jail hurt his back; he sued the police "for using [him] as leverage to get off the ground" but the state-court judge did not respond to his letters about his cases; he "popped" his back in December 2024; the leg press in the Turner Hall gym, where the plaintiff says he went frequently, was "sabotage[d]" and its floor was uneven; the plaintiff was "pretty much" jumped while he was "being touched followed and harassed by meter cops and inter[r]acial couples; law enforcement officers are "paralyzing" him, as well as his child's mother and "homeless shelter/watchers;" he gets bitten by bed bugs; people are following him and spying on him; he's been sexually assaulted; he's had his clothing stolen; and there has been gang stalking.[1] Dkt. No. 1 at 2-3. The court does not fully understand the plaintiff's allegations, and it cannot find in the complaint any allegations of an imminent danger of serious physical injury. At best, the plaintiff says that the beds in the jail make his back injury worse, which does not constitute "imminent danger of serious physical injury."

---

[1] In places, the words of the complaint are so light that the court cannot read them.

The plaintiff is not eligible for the "imminent danger of serious physical injury" exception to the "three strikes" provision under 28 U.S.C. §1915(g), which means that he must pay the full civil case filing fee in full to proceed with this lawsuit.

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that if he wants to proceed with this case, the plaintiff must pay to the Clerk of Court the full $405 civil case filing fee in time for the court to *receive it* by the end of the day on **January 30, 2026**. The court will take no further action in the case unless and until it has received from the plaintiff the full $405 civil case filing fee. If the court does not receive the full $405 filing fee by the end of the day on January 30, 2026, the court will dismiss this case without prejudice and without further notice.

The court will send a copy of this order to: Office of the Sheriff, Fiscal Operations Rm 224, 821 W. State Street, Milwaukee, WI 53233.

Dated in Milwaukee, Wisconsin this 8th day of January, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**